# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NEHRLICH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JLW-TW CORP., *ET AL.*,<br><br>　　　　　　　Defendants. | Case No.  15-cv-00521-BAS(BLM)<br><br>**ORDER GRANTING DEFENDANT JWL-TW CORP. D/B/A SUNTAN SUPPLY'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>(ECF No. 7) |

On January 30, 2015, Plaintiff Gregory Nehrlich ("Plaintiff") commenced this action in San Diego Superior Court against JLW-TW Corp. dba Suntan Supply ("Suntan") and JK North America, Inc. alleging wrongful constructive termination in violation of public policy, intentional and negligent misrepresentation, and breach of contract.  Thereafter, on March 6, 2015, JK North America, Inc. removed this action to federal court on the basis of diversity jurisdiction.  Suntan now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] On May 11, 2015, the Court granted a joint motion to dismiss filed by Plaintiff and JK North America, Inc. and dismissed JK North America, Inc. from this action with prejudice.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Suntan's motion to dismiss **WITH LEAVE TO AMEND**.

## I. BACKGROUND

Plaintiff began working for Suntan on August 19, 2013. (ECF No. 1 ("Compl.") at ¶ 17.) Plaintiff resigned on October 11, 2013. (*Id.*) On November 26, 2013, Plaintiff filed a Notice of Claim and Conference with the California Labor Commissioner asserting that Suntan failed to pay him wages owed in the total amount of $13,446.54 for the period from August 19, 2013 to October 11, 2013, and reimbursable business expenses incurred during the same period in the amount of $672.85 ("California Labor Commission claim"). (ECF No. 11 ("Opp.") at 11.)

Thereafter, on January 3, 2014, Suntan sued Plaintiff in the Court of Common Pleas in Lorain County, Ohio ("Ohio Action"), alleging false representations, breach of employment contract, tortious interference with business relations, and defamation. (ECF No. 7-1 at Exh. 1 ("Lee Decl.") at ¶ 2, Exh. 1.) In the Ohio Action, Suntan alleges that Plaintiff made false representations to the California Labor Commission, which he then copied to JK Group, a company with which Suntan has a substantial business relationship, thereby defaming Plaintiff and harming Suntan's business relationship with JK Group. (*Id.* at ¶¶ 16-31, 37-41.) Suntan further alleges that Plaintiff violated his employment agreement with Suntan by leaving Suntan to work for a competitor, taking confidential information with him, and using this confidential information to steer business to the competitor. (*Id.* at ¶¶ 12-14, 32-36.)

On January 30, 2015, Plaintiff sued Suntan in California Superior Court alleging wrongful constructive termination in violation of public policy, intentional misrepresentation, negligent misrepresentation, and breach of contract. (*See* Compl.) In this lawsuit, Plaintiff alleges Suntan violated his employment agreement, failed to follow through on promises inherent in the agreement, and forced him to resign when it failed to pay taxes as required. (*See id.*)

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011). Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that

defendants have violated the…laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002)). "However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc.*, 896 F.2d at 1555, n. 19. Documents specifically identified in the complaint whose authenticity is not questioned by the parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds); *see also Branch*, 14 F.3d at 453-54. Such documents may be considered, so long as they are referenced in the complaint, even if they are not physically attached to the pleading. *Branch*, 14 F.3d at 453-54; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (rule extends to documents upon which the plaintiff's complaint "necessarily relies" but which are not explicitly incorporated in the complaint). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Fecht*, 70 F.3d at 1080 n.1. Additionally, the court may consider materials which are judicially noticeable. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.*, 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

///

III. **DISCUSSION**

Suntan moves to dismiss this action on the grounds Plaintiff's claims are "barred because they constitute compulsory counterclaims which have not been asserted in state court litigation pending in Ohio involving the subject matter of this dispute." (ECF No. 7 ("Mot.") at p. 1, lines 3-5.) Suntan also moves to dismiss Plaintiff's claim for wrongful termination in violation of public policy on the grounds it is time-barred, and Plaintiff's intentional and negligent misrepresentation and breach of contract claims on the grounds they were not pleaded with the requisite degree of particularity. (*Id*. at p. 1, lines 5-8.)

**A. Compulsory Counterclaims**

Plaintiff argues the claims filed in this lawsuit are compulsory counterclaims that should have been filed in the Ohio Action. The question of whether Plaintiff's claims are compulsory counterclaims which should have been pleaded in the Ohio Action is a question of state law. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). The earlier action was brought in Ohio state court, accordingly Ohio law applies.

The Ohio rule governing compulsory counterclaims, Ohio Civ.R. 13, which was modeled on Rule 13 of the Federal Rules of Civil Procedure, states, in relevant part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

Ohio Civ.R. 13(A). The Supreme Court of Ohio applies the following two-prong test

1  for determining whether there is a compulsory counterclaim: "(1) does the claim exist
2  at the time of serving the pleading; and (2) does the claim arise out of the transaction
3  or occurrence that is the subject matter of the opposing claim." *Rettig Enters., Inc.
4  v. Koehler*, 68 Ohio St. 3d 274, 277 (1994).

5        If both prongs are met, then the present claim is "a compulsory counterclaim
6  in the earlier action and is barred by virtue of Civ.R. 13(A)." *Id.*; *see also Pochiro*,
7  827 F.2d at 1253 (state law governs the preclusive effect of the failure to raise a
8  compulsory counterclaim in an earlier state court action); *Corbett v. Beneficial Ohio,
9  Inc.*, 847 F. Supp. 2d 1019, 1025 (S.D. Ohio 2012) (citing *Forney v. Climbing Higher
10 Enters., Inc.*, 158 Ohio App.3d 338, 344 (2004)) (Under Ohio law, "[i]f a party fails
11 to assert a compulsory counterclaim, he or she is barred from litigating it in a
12 subsequent action."); *Rettig Enters.*, 68 Ohio St.3d at 277; *Polymer Indus. Prods. Co.
13 v. Bridgestone/Firestone, Inc.*, 211 F.R.D. 312, 317 (N.D. Ohio 2002); *McConnell v.
14 Applied Performance Techs., Inc.*, 2002 WL 32882707, at *8-9, n. 4 (S.D. Ohio Dec.
15 11, 2002).

16       As Plaintiff points out in his opposition, the claims in this matter arose prior to
17 or at the same time as Suntan's claims in the Ohio Action. (Opp. at p. 4, lines 1-3.)
18 Therefore, the claims existed at the time Plaintiff served his answer in the Ohio
19 Action on February 11, 2014. (Lee Decl. at ¶ 2.)[2]  As the first prong is met, the Court
20 turns to examine whether the claims in this action arise out of the same transaction
21 or occurrence that is the subject matter of the claims in the Ohio Action.

22       "In determining whether claims arise out of the same transaction or occurrence,
23 courts most frequently utilize the 'logical relation' test.'" *Rettig Enters., Inc.*, 68

---

[2] The Court may take judicial notice of pleadings filed in other courts. Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal quotations and citation omitted). Because Plaintiff does not oppose, the Court grants Suntan's request and takes judicial notice of the pleadings and docket in the Ohio Action. (Lee Decl. at Exhs. 1-3.)

Ohio St. 3d at 278 (citation omitted). "Under this test, a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Id*. (citations and internal quotations omitted). The logical relation test is intended to be flexible and "comports with the object and purpose of [Rule] 13(A), *viz*., to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters." *Id*. at 278-79. "[M]ultiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Id*. at 279 (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)). "Ohio courts employ a liberal construction favoring compulsory counterclaims under Civ.R. 13(A)." *Sherman v. Pearson*, 110 Ohio App. 3d 70, 73 (1996).

      In the Ohio Action, the issues involve whether Plaintiff breached his employment agreement with Suntan and whether he was truthful about Suntan's failure to pay wages under his employment agreement to both the California Labor Commission and the JK Group. In this case, the issues involve whether Suntan breached its employment agreement with Plaintiff and whether Suntan was engaged in illegal activities that forced Plaintiff to resign. Implicitly at issue in both lawsuits are the terms of Plaintiff's employment, whether the employment agreement was violated, the circumstances of Plaintiff's resignation, and whether the illegal activities alleged by Plaintiff were actually engaged in by Suntan. Because the factual and legal issues presented in both lawsuits have a logical relationship and arise out of the same basic controversy between the parties, the Court finds that the claims brought in this lawsuit are compulsory counterclaims to the Ohio Action.

      Plaintiff argues the application of one of the exceptions to Ohio Civ.R. 13, which provides that "the pleader need not state the claim if . . . at the time the action

1  was commenced the claim was the subject of another pending action." (Opp. at p. 4, lines 14-16 (citing Ohio Civ.R. 13(A)(1)).)  The purpose of such an exception "is to prevent Party A from forcing Party B, who has a pending claim against Party A in another forum, into a forum of Party A's choosing." *Noel v. Hall*, 341 F.3d 1148, 1170 (9th Cir. 2003).  Plaintiff argues the exception applies because he filed the California Labor Commission claim on November 26, 2013 before the Ohio Action was filed on January 3, 2014 and it was pending at the time the Ohio Action was commenced.  *See United States v. Dico, Inc.*, 136 F.3d 572, 577 (8th Cir. 1998) (concluding that an administrative claim may be another pending action within the meaning of the analogous Federal Rule of Civil Procedure 13).

In the Notice of Claim filed with the California Labor Commission, Plaintiff claims he was not paid wages in the amount of $13,446.54 earned from August 19, 2013 to October 11, 2013, which covers the entirety of his employment with Suntan, and reimbursable business expenses.[3]  The basis for the California Labor Commission claim is not stated in the Notice of Claim.  Although Suntan argues the claim was simply "predicated upon [P]laintiff's false statements that he had not been paid while he had been an employee of Suntan," the Court cannot determine based on the pleadings and materials properly before the Court whether or not Plaintiff's California Labor Commission claim arose as a result of the parties' disagreement over the terms of Plaintiff's employment agreement, or as a result of the alleged illegalities with respect to how Suntan paid its employees, or something else entirely unrelated to the claims before this Court.  (*See* ECF No. 13 at p. 3, lines 3-4.)

Because the Court finds that the claims in this lawsuit are compulsory

---

[3] On a motion to dismiss, the Court may consider documents specifically identified in the complaint whose authenticity is not questioned by the parties, even if they are not physically attached to the complaint. *See Fecht*, 70 F.3d at 1080 n.1; *Branch*, 14 F.3d at 453-54; *Lee*, 250 F.3d at 688. Accordingly, the Court considers the Notice of Claim and Conference filed with the Labor Commissioner for the State of California attached to Plaintiff's opposition, the authenticity of which has not been questioned. (*See* ECF No. 11 at 11.)

counterclaims to the Ohio Action and Plaintiff has failed to establish that an exception applies, the Court **GRANTS** Suntan's motion to dismiss Plaintiff's complaint. However, because some or all of Plaintiff's claims were potentially at issue in the pending action before the California Labor Commission, Plaintiff is given **LEAVE TO AMEND**.[4]

> B. Statute of Limitations on Wrongful Discharge in Violation of Public Policy Claim

Because the Court has granted Plaintiff leave to amend, it will address Suntan's motion to dismiss Plaintiff's cause of action for wrongful termination in violation of public policy on the grounds the claim is time-barred. (Mot. at pp. 6-7.) In a diversity action, such as this one, a federal court applies state statute of limitations law. *Brennan v. Lermer Corp.*, 626 F. Supp. 926, 929 (N.D. Cal. 1986) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 746 (1980); *Nelson v. A.H. Robins Co.*, 515 F. Supp. 623, 625 (N.D. Cal. 1981); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530 (1949)).

It is settled in California "that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action." *Barton v. New United Motor Mfg., Inc.*, 43 Cal. App. 4th 1200, 1205 (1996). In *Barton*, a California Court of Appeal examined whether wrongful termination in violation of public policy was an infringement of "personal rights" or an infringement of "property rights" for the purpose of determining the proper statute of limitations. *Id.* at 1205-09. The court determined that "[b]ecause the primary nature of the right sued upon . . . is personal," the statute of limitations governing personal rights governs such causes of action. *Id.* at 1209.

---

[4] Plaintiff's interrogatory responses in the Ohio Action suggest he may be able to allege sufficient facts to meet the exception. (*See* Lee Decl. at Exh. 4 at Interrogatory No. 15.)

1  The Ninth Circuit adopted the reasoning of *Barton* in *Burrey v. Pacific Gas & Elec. Co.*, 159 F.3d 388 (9th Cir. 1998) and concluded that the one-year statute of limitations applicable to personal injury actions set forth in California Code of Civil Procedure section 340(3) applies to actions for wrongful termination against public policy. *Id.* at 396-97.

Effective January 1, 2003, California Code of Civil Procedure section 335.1 replaced section 340(3) as governing personal injury actions. (Stats. 2002, ch. 448 (S.B. 688), § 2.) Therefore, courts now apply California Code of Civil Procedure section 335.1, which provides for a two year statute of limitations, to actions for wrongful termination against public policy. *See Karamsetty v. Wells Fargo & Co.*, 967 F. Supp. 2d 1305, 1321, n. 4 (N.D. Cal. 2013); *Lamke v. Sunstate Equip. Co.*, 387 F. Supp. 2d 1044, 1051 (N.D. Cal. 2004); Cal. Code Civ. Proc. § 335.1.

Plaintiff's cause of action for wrongful termination in violation of public policy accrued on October 11, 2013, the date of his termination. (Compl. at ¶ 17.) Therefore, under the applicable two-year statute of limitations, Plaintiff had until October 11, 2015, to file his claim. Plaintiff filed his Complaint on January 30, 2015. Accordingly, the Court does not grant Suntan's motion to dismiss Plaintiff's claim for wrongful termination in violation of public policy on the grounds it is time barred with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Suntan's motion to dismiss (ECF No. 7) is **GRANTED WITH LEAVE TO AMEND.** If Plaintiff chooses to file a First Amended Complaint, he must do so no later than **January 25, 2016**.

IT IS SO ORDERED.

DATED: January 11, 2016

Hon. Cynthia Bashant
United States District Judge